## Benson Estate

Before Klein, P. J., Bolger, Hunter, Lefever, Saylor and Shoyer, JJ.

224

226

228

*Joseph K. Gordon, Boyd L. Spahr, Jr., Ballard, Spahr, Andrews & Ingersoll, John Grier Bartol, Jr., Ernest Scott, Pepper, Bodine, Stokes & Hamilton,* for exceptants.

*Richard K. Stevens, Stradley, Ronon, Stevens & Young,* contra.

KLEIN, P. J., December 11, 1953.—We all share the opinion that the learned auditing judge has decided this case correctly. The adjudication is a comprehensive and scholarly document in which the provisions of the will and codicils are carefully analyzed and the applicable law fully discussed. No useful purpose will be served by repeating here in extenso what has already been so adequately said in the adjudication.

Testatrix had never married and when she died, in 1902, she was regarded as one of Philadelphia's richest women. In her will she made substantial and adequate provision for all of the persons who had any claim upon her generosity, particularly her adopted daughter and her children, and her nieces and nephews, the children of her brother, Edward N. Benson, to whom she left her residuary estate in addition to large pecuniary legacies.

There can be no doubt that testatrix was an extremely charitable and devout Christian woman. Her charitable interests were extensive and widely diver-

sified. She bequeathed gifts of varying but considerable amounts to more than 50 separate and distinct eleemosynary institutions whose work encompassed almost the entire range of human benevolence.

A study of this record, however, leaves little question that of all her many interests, her own church was nearest to her heart. She participated in the separation movement that brought the Reformed Episcopal Church into being. She devoted a great deal of her time to the many activities of the church and assisted it in every possible manner. Over a period of years she made many substantial contributions to it and was obviously one of the real stalwarts of this denomination.

To accept now, 50 years after testatrix's death, the contention of the residuary legatees that she intended all benefits, which "her church" had been receiving under the will, to come to an end and that the corpus of this trust should be diverted from her church and turned over to them, would, indeed, do violence to testatrix's testamentary plan. This is particularly true in view of the fact that the residuary legatees and their heirs are all collateral relatives, many of whom were not even in being when decedent died.

We all agree with the auditing judge that by "the parties entitled thereto" testatrix meant "the parties entitled to the income therefrom" and that Christ Memorial Church is now entitled to receive the corpus of this trust.

There may be some question as to the precise form in which the award to the church has been made but since this was done with the full concurrence of its counsel, it will be approved by us without further comment.

The exceptions are all dismissed and the adjudication confirmed absolutely.